**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-2186-RPM-KLM

MARIANNE MEINTS,

   Plaintiff,

v.

MICHAEL HRONICK, in his official and individual capacity,
PAUL C. BROOKS, in his official and individual capacity,
ROD WILLIAMS, in his official and individual capacity, and
TED MINK, in his official and individual capacity,

   Defendants.

---

## PROTECTIVE ORDER

---

Pursuant to the Joint Stipulated Motion for Protective Order filed by Plaintiff and Defendants, the Court enters this Protective Order.

1.   This Protective Order applies to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.   As used in this Protective Order, the term "document" has the meaning set forth in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Any party may, at any time, designate a served, disclosed, or filed document "Confidential" if, after review by a lawyer, the lawyer certifies that the designation as "Confidential" is based on a good faith belief that the document contains nonpublic personal, personnel, employment, financial and/or tax records, medical, or other information implicating privacy, confidentiality or proprietary interests of either the Plaintiff, the Defendants or a third party. The documents so designated will be deemed "Confidential Material" subject to this Protective Order.

4. Confidential Material is subject to the following restrictions. Confidential Material may be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and must not be disclosed in any way to anyone except:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case;

(c) the parties, including Defendants' designated representatives and insurers;

(d) stenographic reporters who are engaged in proceedings in this action;

(e) the Court and its employees ("Court Personnel");

(f) retained expert witnesses and consultants;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties;

5. For any disclosures under Paragraph 4(f) through (h), the person to whom the Confidential Material is being disclosed must be made aware of the protective order and be given a copy of it.

6. This Protective Order does not prohibit or restrain any party from performing the tasks necessary to conduct discovery or prepare for trial. Rather, this Protective Order is designed to prevent the unwarranted disclosure of Confidential Material.

7. Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." No documents containing Confidential Material may be reproduced except as necessary in the litigation of this action. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material will not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

8. Counsel must advise, instruct, and supervise their associates, staff, and employees to preserve the confidentiality of Confidential Material. Counsel must also advise their clients about the requirements of this Protective Order.

9. Whenever deposition testimony involves the disclosure of Confidential Material, the testimony should be identified on the record as Confidential wherever possible. A party may later designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after the court reporter has notified counsel that the deposition transcript has been completed. Those portions of the original transcripts that

contain Confidential Material shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," at the beginning of the text which has been designated CONFIDENTIAL and the cover page of the transcripts that contain Confidential Material shall bear the legend "CONTAINS CONFIDENTIAL PORTIONS."

10. A party may object to the designation of a document as Confidential Material by giving written notice to the designating party. The written notice must identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after notice is received, the designating party may file an appropriate motion seeking a ruling from the Court whether the disputed information should be deemed Confidential Material. The disputed information must be treated as Confidential Material until the Court rules on the motion, a motion on which the designating party will bear the burden of establishing good cause to treat the information as Confidential. If the designating party fails to timely file such a motion, the disputed information will lose its designation as Confidential Material.

11. The obligation to preserve the confidentiality of Confidential Material survives the termination of this action. The Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

12. The parties agree any document marked Confidential that is filed with the Court shall be filed as Level 1 restricted document pursuant to D.C.Colo.LCivR 7.2. It shall be the burden of the party who claims any privilege or right of privacy applies to a document labeled Confidential to file a Motion to Restrict Access to protect the

restricted document within the time frame proscribed by D.C.Colo.LCivR 7.2(D), regardless of whether that party initially filed the document with the Court.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

14. Nothing in this Protective Order will prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order will prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

Dated this 24th day of April, 2012.

BY THE COURT:

s/Richard P. Matsch
_____
Honorable Richard P. Matsch
United States District Court Judge